

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2007

# USA v. Lomax

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1139

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Lomax" (2007). *2007 Decisions*. Paper 1434.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1434

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1139

UNITED STATES OF AMERICA,

v.

CARLOS L. LOMAX,
                                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 02-CR-082)
District Judge:  Honorable Alan N. Bloch
_____

Submitted Under Third Circuit LAR 34.1(a)
March 16, 2007

Before:  FUENTES, GREENBERG, and LOURIE,[*] Circuit Judges.

(Filed:  March 22, 2007)
_____

OPINION OF THE COURT
_____

---

[*]Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit,
sitting by designation.

LOURIE, <u>Circuit Judge</u>.

Carlos L. Lomax ("Lomax") appeals from the decision of the United States District Court for the Western District of Pennsylvania revoking his term of supervised release and imposing a term of twenty-four months imprisonment. Because the District Court properly considered the sentencing factors provided in 18 U.S.C. § 3553(a), as well as the United States Sentencing Guidelines (the "Guidelines"), and the sentence imposed was reasonable, we will affirm.

In late 1998, Lomax pled guilty to one count of violating 18 U.S.C. § 1029(a)(2), trafficking in and using unauthorized access devices. The District Court sentenced Lomax to twenty-four months imprisonment and three years of supervised release. On January 25, 2002, after Lomax had served his prison sentence, the District Court found that Lomax had violated his supervised release, and the Court sentenced him to fourteen months further imprisonment and three years of further supervised release.

In September 2002, Lomax entered a guilty plea on another charge of violating 18 U.S.C. § 1029(a)(2), and, in December 2002, the District Court sentenced him to thirty-seven months imprisonment, which was later reduced to thirty months, to run consecutively with the term of imprisonment for his prior violation of supervised release. The Court also ordered a three-year term of supervised release, to run concurrently with his prior term of supervised release. The conditions of his supervised release required that Lomax pay restitution in the amount of $64,076 to be paid in monthly installments of not less than ten percent of his gross monthly income, that he report to the probation officer as required by the

2

Court or the probation officer, and that he submit a written report to the probation officer within the first five days of each month.

Lomax began his latest term of supervised release on June 9, 2005, initially residing with his wife in the Pittsburgh area. Shortly thereafter, the probation officer received calls from Lomax's wife stating that Lomax was no longer welcome at their Pittsburgh home. On June 28, Lomax met with the probation officer and requested permission to move to Seattle, which the probation officer granted. The probation officer explained to Lomax that before he left the Pittsburgh area, he was required to submit a monthly report and a restitution payment. By July 8, the probation officer had not heard from Lomax and she left him a message that he had to report to the office that day. The probation officer did not hear back from Lomax until July 11, at which time Lomax told the officer that he had left his monthly report and restitution payment with his son with instructions for him to mail both to the probation officer. The probation officer never received the monthly report or the restitution payment.

On July 20, Lomax telephoned his probation officer to inform her that there were problems with his living situation in Seattle. The probation officer told Lomax that she had received a call from the probation office in Seattle stating that they were going to deny Lomax's request to relocate there because they were unable to verify a residence for him. Lomax then requested permission to move to Atlanta to stay with his mother, which the probation officer granted.

While in Atlanta, Lomax claimed he was employed, but he did not verify any employment. He did make one restitution payment in the amount of twenty-four dollars at that time, but it was unclear whether that payment constituted ten percent of his income because he did not offer proof of his employment. On August 24, Lomax was told that the probation office in Atlanta denied his request to reside there, after which the probation officer told Lomax that he must return to Pittsburgh by September 7. Lomax's wife asked that the Atlanta probation office reconsider that decision because she was in the process of sending two of their children to live with him in Atlanta. Lomax's mother also said that Lomax had a job, residence, and family in Atlanta. The Atlanta probation office, however, denied the request for Lomax to reside there, and Lomax was again told that he would have to return to Pittsburgh.

By September 19, Lomax had not returned to Pittsburgh, but he left a message for the probation officer stating that he would return on September 22. The probation officer failed to hear from Lomax after September 19, and, on October 3, she filed a Petition for Probation/Supervised Release Action. On October 6, a bench warrant was issued for Lomax's arrest.

At the revocation hearing, Lomax admitted to violating the terms of his supervised release by failing to pay restitution and to return to Pittsburgh as required. Lomax, denied, however, that he failed to keep the probation officer informed of his whereabouts. The District Court determined that Lomax had violated his supervised release by failing to make restitution payments, not reporting to the probation officer as directed, failing to submit

4

required monthly reports, failing to return to Pittsburgh as instructed, and not making his location known to the probation officer. The Court determined that Lomax's violation of his supervised release constituted a Grade C violation under Chapter 7, Section 7B1.1(A)(2) of the Guidelines, which carried with it a recommended term of imprisonment ranging from seven to thirteen months. The Court observed, however, that under 18 U.S.C. § 3583(e)(3), it could impose a sentence of up to two years imprisonment. The Court stated that a sentence within the range suggested in the Guidelines was insufficient to address the seriousness of Lomax's violations and his criminal history. The District Court thus revoked Lomax's supervised release and imposed a term of twenty-four months imprisonment. Lomax timely appealed his sentence; we have jurisdiction pursuant to 28 U.S.C. § 1291.

On appeal, Lomax argues that the District Court's sentence was excessive and unreasonable because the violations of his supervised release did not involve conduct for which he could be arrested or convicted and involved no threat to the public. Lomax asserts that because he made an effort to relocate, obtain and maintain gainful employment, and remain crime-free, the District Court failed to properly apply the appropriate sentence provided in the Guidelines. According to Lomax, the Court's primary purpose under the Guidelines should have been to "sanction primarily the defendant's breach of trust," and the sentence imposed on him, which is almost twice the maximum recommended by the Guidelines, is unreasonable under the circumstances. Moreover, Lomax contends that the District Court did not address the factors set forth in 18 U.S.C. § 3553(a) and, had it done so,

it would not have been able to justify its imposition of the maximum punishment permissible for a violation of supervised release.

We agree with the government that the District Court properly considered the § 3553(a) factors, and that Lomax's sentence was not unreasonable. We review sentences imposed by the district courts for "reasonableness." United States v. Booker, 543 U.S. 220, 261-62 (2005). We have recognized that in sentencing a defendant, "[t]he record must demonstrate that the trial court gave meaningful consideration to the § 3553(a) factors." United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006). The factors set forth in § 3553(a) are as follows:

> The court, in determining the particular sentence to be imposed, shall consider--
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . .
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines. . . .

We have stated that there is no need, however, for the trial court to "discuss and make findings as to each of the § 3553(a) factors if the record makes clear that the court took the

6

factors into account in sentencing." Id. In addition, Chapter 7 of the Guidelines governs sentencing violations of supervised release, although they are advisory policy statements.

With this guidance in mind, our review of the record requires us to conclude that, contrary to Lomax's contention, the District Court gave meaningful consideration to the relevant § 3553(a) factors. As mentioned above, our precedent does not require that the District Court expressly identify and address each of the factors listed in § 3553(a). It is enough that upon our review of the record, we can discern that the Court gave meaningful consideration to the § 3553(a) factors. The District Court did so here. During the revocation hearing, the Court stated that the Guidelines recommended range of imprisonment was insufficient to "adequately address the seriousness of [his] violations and [his] criminal history, to promote respect for the law, to provide just punishment for the offenses, to afford adequate deterrence to criminal conduct and to protect the public from further crimes." The Court thus gave meaningful consideration to the § 3553(a) factors in deciding Lomax's sentence.

The Court further observed that Lomax's "prior violations and behavior" demonstrated that Lomax was "not amenable to supervision and that additional supervised release would be futile." Given that reasoning, the Court decided to impose a sentence of twenty-four months imprisonment, as permitted under 18 U.S.C. § 3583(e)(3), and we do not find that sentence to be unreasonable, even though it was in excess of the Guidelines. Moreover, the Guidelines permit consideration of the defendant's past criminal history and state that the Court may take into account "the seriousness of the underlying violation and

7

the criminal history of the defendant" in determining a sentence for violating a condition of supervised release. U.S.S.G. Ch. 7, Intro. Comment, Part A, 3(b). As the record demonstrates, Lomax had pled guilty to a prior violation of 18 U.S.C. § 1029(a)(2) and, on numerous occasions, violated the conditions of his supervised release. Because the Court was permitted to take those factors into account in determining Lomax's sentence, and did so, we do not find its decision to go beyond the advisory range to twenty-four months of imprisonment unreasonable under the circumstances. We will therefore affirm.